# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DEMARIO THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-02636-TLP-tmp |
| | ) | |
| SHAWN PHILLIPS and | ) | |
| BLAIR LEIBACH, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2254, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner, Demario Thomas,[1] a state prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254. (ECF No. 1). Because it is time-barred, the Court **DENIES** this § 2254 Petition.

## BACKGROUND

### I.     State Court Procedural History

Thomas was indicted in Shelby County, Tennessee for the premeditated first-degree murder of Durrell McVay in 2008. (*See* ECF No. 14-1 at PageID 196–97.) While Thomas first wished to try his case (*see* ECF No. 14-2 at PageID 262.), he decided to enter an Alford plea to second degree murder after the trial began (ECF No. 14-13 at PageID 1099-1110.) The trial

---

[1] Petitioner, Tennessee Department of Correction prisoner number 467767, is currently incarcerated at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee.

court sentenced Thomas to twenty-three years imprisonment.   (ECF No. 14-3 at PageID 573.)

The judgment was executed on April 1, 2010.   (ECF No. 14-1 at PageID 252.)

Thomas appealed his sentence (*id.* at PageID 254.), which resulted in the Tennessee

Court of Criminal Appeals modifying his sentence to twenty-one years imprisonment in July

2011.   (ECF No. 14-7 at PageID 656, 671.)   The Tennessee Supreme Court denied permission

to appeal on November 15, 2011.   (ECF No. 14-10 at PageID 723.)   *See State v. Thomas*, No.

W2010-00949-CCA-R3-CD, 2011 WL 2698320, at *11 (Tenn. Crim. App. July 11, 2011), *perm.*

*app. denied* (Tenn. Nov. 15, 2011).

Less than one year later, Thomas filed a pro se petition in the Shelby County Criminal

Court under the Tennessee Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-

30-101 *et seq.*, on August 16, 2012.   (ECF No. 14-11 at PageID 727-742.)   The post-conviction

trial court dismissed the petition on October 5, 2012, stating that the petition was filed outside

the applicable statute of limitations.   (*Id.* at PageID 778-779.)   Thomas then petitioned for a

rehearing and the court construed his petition as a motion to reopen the post-conviction

proceedings.   (*See id.* at PageID 726, 780-801.)   The court denied the petition, as amended, on

July 3, 2013.   (*Id.* at PageID 805.)   The Tennessee Court of Criminal Appeals affirmed the

denial on October 10, 2014.   (ECF No. 14-16.)   *Thomas v. State*, No. W2013-01818-CCA-R3-

PC, 2014 WL 5107064 (Tenn. Crim. App. Oct. 10, 2014).   On February 12, 2015, the Tennessee

Supreme Court denied Petitioner permission to appeal.   (ECF No. 14-18 at PageID 1155.)

## II.    Thomas's § 2254 Petition

Thomas filed the instant pro se § 2254 Petition (ECF No. 1) on September 24, 2015, presenting these issues:

1.    "Trial court[']s original sentence of 23 years which was reduced to twenty-one years is still excessive given the facts of the case;"

2.    "Petitioner's guilty plea was unknowing and involuntarily entered without the effective assistance of counsel;" and

3.    "Plea agreement violated the mandate of Boykin v. Ala. 89 S. Ct. 1709 [1969]; State v. Mackey 553 S.W.2d 337 [TN 1977]."

(ECF No. 1 at PageID 4, 6, & 7.)   Thomas asserts that the post-conviction appellate process ended on February 12, 2015, and that his federal habeas corpus petition was due to be filed by May 12, 2016.   (*Id.* at PageID 11.)   That said, he also contends that he did not receive notice of the Tennessee Supreme Court's denial of permission to appeal until May 27, 2015, after he asked about the matter with his counsel.   (*Id.*)   Thomas contends that a period of three months elapsed without him having knowledge that the Tennessee Supreme Court denied him permission to continue to appeal.   (*Id.*)

Respondent has filed an answer to the § 2254 Petition and the state court record.   (ECF Nos. 13 & 14.)   Thomas has filed a reply to Respondent's answer.   (ECF No. 19.)   The § 2254 Petition is thus ripe.

## ANALYSIS

Respondent argues that the § 2254 Petition was not timely filed and that Thomas is not entitled to equitable tolling.   (ECF No. 13 at PageID 172, 181–84.)   Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

State convictions ordinarily become "final" under § 2244(d)(1)(A) when the time expires for petitioning for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

## I.    Timeliness of Thomas' Petition

The Court first addresses the timeliness of Thomas' Petition. Because Thomas did not petition for writ of certiorari before the United States Supreme Court, his conviction became final ninety days after the Tennessee Supreme Court denied him permission to appeal his sentence, February 13, 2012. *See* U.S. Sup. Ct. R. 13(1); *see also Tyler v. Ray*, 610 F. App'x

445, 451 (6th Cir. 2015) ("If a petitioner does not seek certiorari before the Supreme Court, the judgment becomes final for AEDPA purposes—and the limitations period begins—after the ninety-day period in which he could have petitioned for certiorari.") The statute of limitations began to run on February 13, 2012, and ran for 185 days until August 16, 2012, when Thomas filed his petition for post-conviction relief in state court.

That said, the § 2254 limitations period began to run again when the Tennessee Supreme Court denied Thomas permission to appeal on February 12, 2015, and expired 180 days later on August 11, 2015. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007) (stating that the AEDPA's limitations period is tolled from the filing of the post-conviction petition until the state supreme court affirms the denial of the petition). Thomas did not sign his § 2254 Petition until September 22, 2015, forty-two days after the deadline had passed. (*See* ECF No. 1 at PageID 12.)

In any event, Thomas argues that the untimeliness of his petition is not his fault. (ECF No.1 at PageID 11.). He provides a letter dated April 27, 2015, that he wrote to his counsel Rosalind E. Brown stating that "it was my understanding that you were going to file an appeal to the next level. In particularly a Petition for Federal Habeas Corpus." (ECF No. 1-3 at PageID 16.) Thomas told Ms. Brown that his petition "should have been filed last month if not very soon." (*Id.*) Thomas also provides a post-marked envelope dated May 21, 2015, addressed to him with his counsel's name and address as the return address. (*See* ECF No. 1-4.)

Thomas also asserts that TDOC and CCA have periodic and recurring lockdowns for weeks at a time and that inmates are denied adequate access to the law library. (ECF No. 19 at PageID 1168-69.) He argues that the extraordinary circumstances of the facilities lockdowns

5

prevent him from meeting deadlines.  (*Id.* at PageID 1168.)   Thomas argues that his case is appropriate for equitable tolling because he has pursued his rights diligently.   (*Id.*)

## II.      Equitable Tolling of Filing Period

Courts may toll the § 2254 limitations period under the doctrine of equitable tolling. *Holland*, 560 U.S. at 645.   "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."   *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).   "[T]he doctrine of equitable tolling is used sparingly by federal courts."   *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).   "The party seeking equitable tolling bears the burden of proving [s]he is entitled to it."   *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if [s]he shows '(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing."   *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citation and additional internal quotation marks omitted).   "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed [her] petition."   *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012).

Respondent argues that Thomas' letter dated April 27, 2015, refers to Thomas' understanding that counsel would be appealing to the next level, with that level being the federal habeas petition.   (ECF No. 13 at PageID 183.)   Nor is there any letter accompanying the

envelope post-marked for May 21, 2015. (*Id.*) The Court has no way of determining what information counsel provided in the envelope, and Thomas' letter suggests that he knew that the Tennessee Supreme Court had denied him permission to appeal by April 2015.

Even more, Thomas has not shown reasonable diligence or extraordinary circumstances that would warrant equitable tolling. Thomas first blames counsel's delayed actions in notifying him of the Tennessee Supreme Court's decision to deny permission to appeal and then that prison lockdowns prevented him access to the law library. The information on the record demonstrates that Thomas was likely aware of the decision before he wrote the April 27, 2015, letter and that he was concerned about the filing of a habeas petition at that time, long before the actual deadline for filing.

Although Thomas claims that lockdowns prevented him from accessing the law library, he has provided no specific information about when these lockdowns occurred or their duration. The Sixth Circuit has held that allegations of insufficient library access, standing alone, do no warrant equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003). And prison lock-downs do not constitute extraordinary circumstances that warrant equitable tolling. *See United States v. Williams*, 219 F. App'x 778 (10th Cir. 2007); *see also Williamson v. Lester*, No. 3:13-CV-00424, 2013 WL 4008707, at *3 (M.D. Tenn. Aug. 2, 2013).

Thomas did not file his petition until nearly five months after his letter to counsel expressing concern about the timely filing of his habeas petition. He has not proved reasonable diligence or extraordinary circumstances. Thomas, as the party seeking equitable tolling, bears the burden of proving he is entitled to it. *See Taylor v. Palmer*, 623 F. App'x 783, 784 (6th Cir. 2015). He has not met that burden.

The § 2254 Petition is, therefore, untimely.[2]

## APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 Petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing § 2254 Cases in the United States District Courts. A petitioner may not take an appeal before being issued a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must convey the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

---

[2] The Court need not address the other issues raised in the § 2254 Petition because of the untimely filing.

Here, there can be no question that the § 2254 Petition is time-barred. Because any appeal by Petitioner on the issue raised in the § 2254 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Yet if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). Here, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, under Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[3]

**SO ORDERED**, this 11th day of February, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).